MUTUAL COMMERCIAL MARINE INS. CO. (OLIVER v.). See Case No. 10,498.

---

## Case No. 9,978.

### MUTUAL FIRE INS. CO. v. The S. G. ANDREWS.

[10 Chi. Leg. News, 149.]

District Court, N. D. Illinois. 1878.

INSURANCE PREMIUM NOT A MARITIME LIEN ON VESSEL.

In admiralty.

Charles E. Kremer, for libelant.

Rae & Mitchell, for respondent.

BLODGETT, District Judge. These cases are before the court upon exceptions to the commissioner's report as to the claim which was filed by the Millville Mutual Fire Insurance Company, for premiums on policies of insurance, issued upon the vessel in question. The commissioner, upon reference to him, allowed the libellant's claim for these premiums, as a lien upon the vessel. He did this upon the authority of a case lately decided by his honor, Judge Brown, of the Eastern district of Michigan, assuming that this court would follow that case, as it was directly in point. With all due respect to the learning which is displayed in that decision, I have never been entirely satisfied to follow it, and the best authority we have in

this circuit is the other way. The learned circuit judge of this circuit, when district judge in 1869, had before him the case of The Security Fire Ins. Co. v. The Proceeds of the Lady Franklin [unreported], and after due consideration, dismissed the case upon the ground that a debt incurred for premium for insurance on the vessel did not create a maritime lien.

In this case it is not necessary to decide that question in as broad a sense, because it may be a debt against the owners of the vessel which would have a right to participate in the remnants, if there were any remnants. But here there are no remnants or will be none after the satisfaction of the maritime liens proper. I don't intend in making this decision to do any more than intimate my own views. I have not gone to the labor of writing out an opinion, nor have I attempted to cite any authorities, I would prefer that the question should be taken to the circuit court, and have an authoritative decision of this circuit on that question. I rule as I do because it is in accordance with my own conviction of what the law should be, and because I think until the law is definitely settled the other way in this circuit, that this class of claims should be rejected, and complications avoided growing out of the allowance of claims which may hereafter be held not to be properly enforcible in this form of procedure.

Exception to the commissioner's report is sustained.

It is due to Judge Drummond, that I should here say that his opinion in the Lady Franklin Case was never reported, and I have only been able to gather the purport of it from the recollection of counsel, and some brief notes in one of the daily newspapers of the city.

---

MUTUAL INS. CO. (SHERWOOD v.). See Case No. 12,776.

MUTUAL LIFE INS. CO. (ANDERSON v.). See Case No. 362.

MUTUAL LIFE INS. CO. (BATTLE v.). See Case No. 1,109.

MUTUAL LIFE INS. CO. (HAMILTON v.). See Case No. 5,986.

MUTUAL LIFE INS. CO. (JACKSON v.). See Case No. 7,141.

MUTUAL LIFE INS. CO. (NEWCOMB v.). See Case No. 10,147.

MUTUAL LIFE INS. CO. (QUIGLEY v.). See Case No. 11,511.

MUTUAL LIFE INS. CO. (SHATTUCK v.). See Case No. 12,715.

MUTUAL LIFE INS. CO. (SNYDER v.). See Case No. 13,154.

MUTUAL LIFE INS. CO. (WATERS v.). See Case No. 17,267.